IN THE UNITED STATES DISTRICT COURTS
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANKLIN DELANO FLOYD,**　　　　　**CASE NO. 2:08-cv-495**
　　　　　　　　　　　　　　　　　　　　　　**CRIM. NO. 8354**
　　　　　　　　　　　　　　　　　　　　　　**JUDGE FROST**
　　　**Petitioner,**　　　　　　　　　　　**MAGISTRATE JUDGE KEMP**

v.

**UNITED STATES OF AMERICA,**

　　　**Respondent.**

## OPINION AND ORDER

On June 5, 2008, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings recommending that the instant motion to vacate, set aside or correct sentence be dismissed as barred by the one-year statute of limitations.  Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*.  For the reasons that follow, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED** as barred by the one-year statute of limitations.  Petitioner's request for an evidentiary hearing and for hearing by a three judge panel are **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as untimely.  Petitioner argues that the one-year statute of limitations imposed under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is inapplicable to this case because he was charged and convicted prior to the effective date of the AEDPA.  Petitioner further contends that application of the one-year statute of limitations violates the Ex Post Facto Clause.  *See* U.S. Const. art. I, §9, cl. 1.  Finally,

petitioner asserts that extraordinary circumstances justify equitable tolling of the statute of limitations because he allegedly was denied counsel in criminal proceedings against him. Petitioner's arguments are not persuasive. As discussed in the Magistrate Judge's *Report and Recommendation*, this action involves petitioner's 1963 conviction and sentence. Petitioner waited more than ten years after the statute of limitations had expired to pursue federal habeas corpus relief. His allegation that he was denied counsel during criminal proceedings against him simply does not constitute extraordinary circumstances justifying equitable tolling of the statute of limitations for such a time period. *See Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Further, application of the one-year statute of limitations to bar consideration of petitioner's §2255 petition does not constitute a violation of the Ex Post Facto Clause.

> The *Ex Post Facto* Clause of the Constitution protects against the criminal punishing of acts that were not illegal when they were committed, but later outlawed. *See Calder v. Bull,* 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798) ( *Ex Post Facto* laws include: "Every law that make [sic - "makes" in original] an action, done before the passing of the law, and which was innocent when done, criminal.")...
>
> An additional way to violate the *Ex Post Facto* Clause, is if the statute of limitations were to be extended after it had already run against a particular defendant. *See Stogner v. California,* 539 U.S. 607, 632-33, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2005) (A law violates the ex post facto clause "when it is applied to revive a previously time-barred prosecution.).

*Rouse v. Phillips,* 2005 WL 1640176 *5 (E.D. Michigan July 13, 2005); *see also Thomas v. Straub*, 10 F.Supp. 2d 834, 836 (E.D. Mihigan 1998)(application of one-year statute of limitations

2

under AEDPA does not violate Ex Post Facto Clause)(citations omitted). Finally, 28 U.S.C. §2284 does not entitled petitioner to consideration of his §2255 petition by a three judge panel.[1]

---

[1] 28 U.S.C. §2284 provides:

(a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

(b) In any action required to be heard and determined by a district court of three judges under subsection (a) of this section, the composition and procedure of the court shall be as follows:

(1) Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding.

(2) If the action is against a State, or officer or agency thereof, at least five days' notice of hearing of the action shall be given by registered or certified mail to the Governor and attorney general of the State.

(3) A single judge may conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure except as provided in this subsection. He may grant a temporary restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted, which order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the district court of three judges of an application for a preliminary injunction. A single judge shall not appoint a master, or order a reference, or hear and determine any application for a preliminary or permanent injunction or motion to vacate such an injunction, or enter judgment on the merits. Any action of a single judge may be reviewed by

Pursuant to 28 U.S.C. §636(b)(1) this Court has conducted a *de novo* review of the *Report and Recommendation*. This Court has carefully considered the entire record. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations. Petitioner's request for an evidentiary hearing and for hearing by a three judge panel are **DENIED**.

    **IT IS SO ORDERED**.

    /s/ Gregory L. Frost
    GREGORY L. FROST
    United States District Judge

---

the full court at any time before final judgment.