**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FRANKLIN DELANO FLOYD,**                    **CASE NO. 2:08-cv-495**
                                              **CRIM. NO. 8354**
             **Petitioner,**                  **JUDGE FROST**
                                              **MAGISTRATE JUDGE KEMP**
**v.**

**UNITED STATES OF AMERICA,**

             **Respondent.**

## OPINION AND ORDER

On August 8, 2008, final judgment was entered dismissing the instant motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  This matter now is before

the Court on petitioner's August 18, 2008, notice of appeal, which this Court construes as

a request for a certificate of appealability, and his request to proceed *in forma pauperis* on

appeal.  For the reasons that follow, petitioner's request for a certificate of appealability,

and his request to proceed *in forma pauperis* on appeal, Doc. No. 8, are **DENIED**.

In this federal habeas corpus petition, petitioner asserts that he was sentenced

without counsel in regard to his 1963 convictions.  On August 8, 2008, the Court dismissed

petitioner's §2255 petition as barred by the one-year statute of limitations under 28 U.S.C.

§2255(f).

Where the Court dismisses a claim on procedural grounds, a certificate of

appealability

> should issue when the prisoner shows, at least, that jurists of
> reason would find it debatable whether the petition states a
> valid claim of the denial of a constitutional right and that

> jurists of reason would find it debatable whether the district
> court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that petitioner has failed to establish that reasonable jurists would find it debatable whether the Court was correct in its dismissal of this action as time barred.  Petitioner's request for a certificate of appealability therefore is **DENIED.**

Petitioner's request to proceed *in forma pauperis* on appeal likewise is **DENIED.** Pursuant to 28 U.S.C. 1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith.  *See also* Federal Rule of Appellate Procedure 24(a)(3)(A):

> A party who was permitted to proceed in forma pauperis in
> the district-court action, or who was determined to be
> financially unable to obtain an adequate defense in a criminal
> case, may proceed on appeal *in forma pauperis* without further
> authorization, unless:
>
> (A) the district court – before or after the notice of appeal is
> filed – certifies that the appeal is not taken in good faith[.]

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that the appeal is not in good faith.

Therefore petitioner's request to proceed *in forma pauperis* on appeal also is **DENIED**.

**IT IS SO ORDERED.**

   **/s/   Gregory L. Frost**
GREGORY L. FROST
United States District Judge